Lott, Senator.
Though the motion to dismiss the writ of error in this case is founded principally on the insufficiency of the bail in error, another ground has been urged which I shall first notice.
It appears that the sureties in the bond given on the allowance of the writ were excepted to for insufficiency, and thereupon a new bond was executed, with sureties, who justified in the amount required by law for the purpose of staying execution. A copy of the affidavit of justification was served in due time upon the attorney for the defendant in error, and is an *73 nexed to the papers on which this motion is founded; and thus it is shown that the original, though containing in the body of it a description of the proceeding in which it was taken, was not formally entitled. The defendant in error insists, therefore, that the justification should be treated as a nullity.(a)
No reference to this alleged defect is made in the notice of motion, nor is it pointed out in any of the moving papers as a specific ground of relief. On the contrary, the defendant in error has shown that the very affidavit to which he now objects as a nullity, has been relied on as the basis of an indictment for perjury against the sureties.
Where a party seeks to set aside a writ or proceeding for some formal defect or error, he should specify the objection on which he relies, either in his affidavit or notice of motion, so that the opposite party may have a fair opportunity of answering it. The supreme court acted upon this doctrine in Wilson v. Wetmore, (1 Hill, 216,) where a motion to set aside a writ of error was denied because the defect relied on was not specified in the moving papers otherwise than by annexing a copy of the writ ; and the learned judge who delivered the opinion in that case remarked, “It is quite possible that the defendant is moving on an erroneous copy of the writ, or that the plaintiff would have had some other good answer to the motion, if he had not been brought here without the slightest intimation of the objection which is now urged against the writ.” These observations apply with much force to the case under consideration.
But if the objection may be deemed properly presented, it forms no ground, in my judgment, for granting the present application, even conceding the affidavit to be a nullity. In that view, the plaintiff in error has failed to comply with the requirements of the statute. (2 JR. JS. 597, § 35.) The sureties in the new bond have not justified; and the proper remedy in such *74 case is by applying for a supersedeas of the writ to some officer authorized to allow the same. (Id. 598, § 36.)
The question then remains to be considered whether we can dismiss this writ on account of the insufficiency of the sureties.
. Writs of error, upon any final judgment or determination, in all civil cases, are writs of right, and issue of course, “ subject to the regulations prescribed by law.” (2 JR. /S'. 591, § 1.) One of these regulations is, that on the allowance of the writ, the party prosecuting it shall execute a bond to the opposite party, with sureties, in a specified penalty, and with a condition adapted to the nature of the case. (2 R. /S'. 595, 6.) Previous to the last revision of the statutes no bond was necessary, unless the writ was intended to operate as a stay of execution. (1 R. L. 143 ; Dyett v. Pendleton, 8 Cowen, 325.) But now a bond is required in all cases; (2 R. S. 595, § 26;) and provision is made for superseding the writ without the interference of the court, if the sufficiency of the sureties be not established in the manner pointed out by the statute. (Id. 597, 8, §§ 33 to 36.) After their sufficiency, however, has been thus established—the party prosecuting the writ having then complied with the “regulations prescribed by law”—nothing else can be required of him, and no further conditions imposed. It is the province of the legislature, but not of this court, to prescribe additional regulations, if any are deemed necessary.
In the case of Ames & Ames v. Webber’s ex'rs., (11 Wend. 186,) cited by the counsel for the defendant, this court quashed the writ of error as having been “ sued out against good faith.” The facts upon which this decision was based are not presented by the report, but from the report of a decision made in the same cause by the supreme court, (10 Wend. 624,) it appears that the party prosecuting the writ had given a stipulation at the circuit which wás considered equivalent to a release of the error relied on; and that he was attempting to reverse the judgment in violation of the effect of his stipulation. Nothing of that nature is shown here. On the contrary, it appears by the *75 affidavits read in opposition to the motion that the writ of error is prosecuted in good faith; and as the proceedings of the plaintiff in error have been in compliance with the regulations prescribed by the statute, we ought not to interfere. I am of opinion therefore that the motion should be denied, with costs.
All the members of the court who heard the argument concurring in this result,
Ordered accordingly.

 Quere, whether the affidavit must be entitled. (See 1 Till. & Yates' Treat. 49.)